UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIA MURILLO, | § § | |
| PLAINTIFF | § § § § § § | |
| v. | § § | CA NO. 3:23-cv-2575 |
| HEART OF THE HOUSE HOSPITALITY, INC. | § § § § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Daria Murillo brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Plaintiff would respectfully show as follows:

### I.  NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA.  Defendant has failed and refused to pay Plaintiff time-and-one-half her

regular rate of pay for all off-the-clock hours she worked in excess of forty hours within a workweek. Defendant has also failed and refused to pay Plaintiff for off-the-clock hours at her agreed-upon regular hourly rate for those weeks in which Plaintiff worked less than forty hours.

3. For at least three years prior to filing this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to Plaintiff for hours worked in excess of forty hours per workweek.

## II. PARTIES

4. Plaintiff Daria Murillo ("Murillo") is an individual who resides in this judicial district. She was employed as a recruiter by Defendant within the meaning of the FLSA from approximately May 2022 through April 2023.

5. Defendant Heart of the House Hospitality, Inc. ("Heart of the House") is an Indiana corporation operating in various cities within Texas, including but not limited to Dallas, Fort Worth, Houston, and San Antonio.

6. Heart of the House was an employer of Murillo as defined by 29 U.S.C. §203(d).

7. Heart of the House can be served with process by serving its registered agent, Business Filings Incorporated, at 701 Brazos St., Suite 720, Austin, Texas 78701.

## III.    JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

9. The Court has personal jurisdiction over the Defendant because it conducts business in Texas and has entered into relationships with Murillo in Texas and has committed actions in Texas that give

rise to this cause of action.

10. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Dallas County, which is within this District and Division.

## IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Murillo.

12. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Heart of the House Hospitality, Inc. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Defendant employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

16. Defendant provides staffing for hotels in and around Texas, among other states.

17. Murillo was employed by Defendant as a non-exempt hourly recruiter, whose job was to recruit employees to work at hotels located in Texas.

18. Murillo would both work from home and would also travel to various cities in and around Texas, including Dallas, to meet job applicants, help them fill out job applications, provide them with uniforms and introduce them to the manager of the particular hotel for which they would be working.

19. Murillo consistently worked more than forty hours per workweek but was regularly pressured to work off the clock and/or to record fewer hours than she actually worked by her supervisor, Andres Egas.  Murillo consistently complained to Mr. Egas as well as his supervisors about these practices, but her complaints were routinely ignored.

20. Additionally, Defendant consistently removed 30 minutes daily for a supposed lunch break, even though Murillo did not, or rarely took, lunch breaks.

21. Defendant was fully aware of the fact that Murillo was working off the clock and that she was not being paid time and one-half for all hours worked above forty hours per week.

22. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of forcing its recruiters to work off the clock in order to avoid compliance with the FLSA.

## VI. CAUSES OF ACTION

### A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

24. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

25. Defendant has acted willfully in failing to pay Murillo in accordance with applicable law.

### B. BREACH OF CONTRACT AND QUASI-CONTRACT

#### 1. Unpaid Hourly Wages Under Forty Hours Per Week

26. Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

27. Murillo is entitled to recover damages for Defendant's failure to pay her for all off-the-clock hours during weeks in which Murillo worked less than forty hours under Texas common law for breach of contract.

28. During the course of her employment, Murillo and Defendant entered into a valid and enforceable contract regarding the payment of wages in exchange for Murillo's services.  Pursuant to this contract, Defendant was obligated to pay Murillo the full amount of her agreed-upon compensation every pay period.  Murillo has fully performed all of her contractual obligations.

29. Defendant breached this contract by failing to pay Murillo all compensation she was owed under the above-referenced contract for her off-the-clock work during weeks in which she worked less than forty hours.  Defendant's breach caused injury to Murillo, which resulted in damages.  Murillo seeks unliquidated damages within the jurisdictional limits of this court.

30. Alternatively, Defendant owes Murillo all unpaid compensation at Murillo's full regular rate under *quantum meruit* for services Murillo provided directly to Defendant when Murillo worked off the clock in weeks in which she worked less than forty hours. Defendant accepted these services under such circumstances that Defendant was reasonably notified that Murillo expected to be paid by Defendant.

31. By virtue of filing this Original Complaint, Murillo has made presentment to Defendant as per Texas Civil Practice and Remedies Code, § 38.002.

32. In the alternative, Murillo seeks to recover damages against Defendant for the full amount of her unpaid wages in weeks in which she worked off the clock but worked less than forty hours under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daria Murillo prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiff attorneys' fees;

d. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law;

      f.      For an Order awarding Plaintiff all of her regular hourly wages for all hours worked under forty per week under any of the following: breach of contract, *quantum meruit*, promissory estoppel, unjust enrichment, or money had and received.

      g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By:  */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@wemakerlaw.com

**ATTORNEY FOR PLAINTIFF**