UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARIA MURILLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-CV-02575-K |
| ) | |
| HEART OF THE HOUSE ) | |
| HOSPITALITY, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, Heart of the House Hospitality, Inc. ("HOTHH"), hereby files its Memorandum in Support of its Motion to Dismiss Plaintiff's Original Complaint (the "Complaint").

**INTRODUCTION**

On November 21, 2023, Plaintiff filed the Complaint against HOTHH asserting two (2) claims: (Count 1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(2); and (Count 2) breach of contract and, in the alternative, an equitable claim of breach of quasi-contract, quantum meruit, promissory estoppel, unjust enrichment, and/or money had and received.[1] Plaintiff's FLSA claim covers allegedly unpaid overtime for every hour worked in excess of forty (40) hours a week. Plaintiff's breach of contract and alternative equitable claims

---

[1] Plaintiff cannot recover under both a breach of contract claim and claims for equitable relief. *See Assure Re Intermediaries, Inc. v. W. Surplus Lines Agency, Inc.*, No. 1:20-CV-189-H, 2021 U.S. Dist. LEXIS 110090, at *17 (N.D. Tex. June 11, 2021) (if the court finds that a valid and enforceable contract exists, equitable claims for quantum meruit, unjust enrichment, and money had and received do not apply); *UniWell Labs., LLC v. Frain Indus. Inc.*, No. 4:21-CV-1292-BJ, 2024 U.S. Dist. LEXIS 17650, at *38 (N.D. Tex. Feb. 1, 2024) ("promissory estoppel becomes available to a claimant only in the absence of a valid and enforceable contract").

cover allegedly unpaid wages for work during weeks in which she worked less than forty (40) hours. For both claims, Plaintiff fails to allege the facts necessary to state a claim upon which relief can be granted, necessitating dismissal.

It is well settled that to sustain a claim for a violation of the FLSA, a complaint must include more than generalized and conclusory allegations that a plaintiff worked in excess of forty (40) hours a week. The mere recitation of the statutory elements of the FLSA, or assertion of general facts not related to statutory coverage, will not suffice. In the Complaint, Plaintiff fails to allege any specific details of her hourly wage, hours worked, or alleged amount of compensation due so as to support her FLSA claim. As a result, Count 1 of the Complaint fails to state a claim under the FLSA.

To proceed with a breach of contract claim, or any equitable claims based on an alleged agreement for services, a plaintiff must allege, at a minimum, the material terms of the supposed contract and plead the specific provisions of the contract that were allegedly breached. In the Complaint, Plaintiff fails to allege any material terms of a contract (i.e. the amount of her agreed-upon compensation and the amount of unpaid compensation allegedly owed) and fails to identify which provisions of the supposed contract that HOTHH specifically breached. To the extent the Complaint makes any specific allegations regarding the terms of any supposed contract, those allegations are limited to the claim that HOTHH failed to compensate Plaintiff for work performed during "unpaid lunch breaks." However, it is more than reasonable to infer from Plaintiff's allegations that HOTHH provided Plaintiff with an unpaid daily lunch break and that Plaintiff knowingly accepted such unpaid break. Under these circumstances, Plaintiff may not now claim compensation for any time worked during such break. Therefore, Count 2 of the Complaint fails to state a breach of contract claim or any other claim for equitable relief.

## FACTUAL BACKGROUND[2]

Relevant to this Motion to Dismiss, the Complaint alleges that HOTHH employed Plaintiff as a non-exempt hourly employee. (ECF No. 1 ("Compl.") ¶ 17.) Within this context, and in furtherance of Plaintiff's FLSA claim, the Complaint alleges:

> [Plaintiff] consistently worked more than forty (40) hours per workweek, but was regularly pressured to work off the clock and/or record fewer hours than she actually worked by her supervisor, Andres Egas. [Plaintiff] consistently complained to Mr. Egas as well as his supervisors about these practices, but her complaints were routinely ignored. (Compl. ¶19.).
>
> [HOTHH] was fully aware of the fact that [Plaintiff] was working off the clock and that she was not being paid time and one-half for all hours worked above forty hours per week. (Compl. ¶ 21.)

As to Plaintiff's breach of contract and/or equitable claims, the Complaint alleges:

> During the course of her employment, [Plaintiff] and [HOTHH] entered into a valid and enforceable contract regarding the payment of wages in exchange for [Plaintiff's] services. Pursuant to this contract, [HOTHH] was obligated to pay [Plaintiff] the full amount of her agreed-upon compensation every pay period. [Plaintiff] has fully performed all of her contractual obligations. (Compl. ¶ 28).
>
> [HOTHH] breached this contract by failing to pay [Plaintiff] all compensation she was owed [] for off-the-clock work during weeks in which she worked less than forty hours. [] (Compl. ¶ 29.)

The only "off-the-clock work" the Complaint specifically alleges Plaintiff performed was time worked during "unpaid lunch breaks:"

> [] [HOTHH] consistently removed 30 minutes daily for a supposed lunch break, even though [Plaintiff] did not, **or rarely took**, lunch breaks. (Compl. ¶ 20) (emphasis added).

Plaintiff's allegations fail to state claims on which relief can be granted. Therefore, the Court should dismiss the Complaint.

---

[2] The facts set forth herein are taken from the allegations of the Complaint, which are credited for purpose of this motion only.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12, 135 S. Ct. 346, 347 (2014)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, (2007)), *cert. denied*, 552 U.S. 1182 (2008). Only factual allegations, as opposed to mere legal conclusions, are entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

## **ARGUMENT**

### A. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FLSA.

To proceed with an FLSA claim, a complaint must include more than generalized and conclusory allegations that a plaintiff worked in excess of forty (40) hours a week. *See Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014). "It is not enough to track the statutory elements at the pleading stage." *Hernandez v. Praxair Distribution*, No. 4:14-CV-1915, 2015 WL 4393105, at *1 (S.D. Tex. July 15, 2015) (citing *Twombly*, 550 U.S. at 550 ("[A] formulaic recitation of the elements of a cause of action will not do . . . ."); *see Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012) (holding that a simple allegation that plaintiffs worked more than forty (40) hours per week was inadequate to establish a FLSA claim where the complaint lacked examples or estimates of unpaid time to substantiate the claim); *compare Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 51290, at

4

*1 (S.D. Tex. Jan. 7, 2014) (granting motion to dismiss where Plaintiff only alleged general overtime hours worked), *with Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 1671748, at *2 (S.D. Tex. Apr. 28, 2014) (denying second motion to dismiss where Plaintiff had added "specifics with respect to [his] shift hours and number of days worked per week") (citation omitted)). Rather, "[t]o state a claim for overtime, plaintiffs are required 'to provide some factual context that will nudge their claim from conceivable to plausible. This can be done by estimating the length of an average workweek during the applicable period and the average rate at which plaintiff was paid, the amount of overtime wages allegedly owed, or any facts that will permit the court to find plausibility.'" *Blakely v. Golabs, Inc.*, No. 3:21-CV-2422-L, 2023 WL 6139456, at *8 (N.D. Tex. Aug. 17, 2023) (citing *Mateo v. Ta Hsin, Inc.*, No. 7:19-CV-419, 2021 WL 3931915, at *5 (S.D. Tex. Feb. 10, 2021)); *see also Ruiz v. Masse Contracting, Inc.*, Civil Action NO. 18-5721, 2019 WL 2451628, at *7 (E.D. La. June 12, 2019) ("A plaintiff adequately pleads the amount of overtime compensation due by alleging the date ranges of employment, the approximate number of hours worked, and the regular rate of pay."); *Mejia v. Bros. Petro., LLC*, No. 12-2842, 2015 U.S. Dist. LEXIS 74339, at *16-17 (E.D. La. June 9, 2015) (same). The mere recitation of the statutory elements of the FLSA or assertion of general facts not related to statutory coverage will not suffice. *Coleman v. John Moore Services, Inc.*, Civil Action No. H-13-2090, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014) (dismissing the FLSA claim because the plaintiff failed to plead specific facts establishing FLSA coverage).

By specific example, in *Coleman v. John Moore Services, Inc.*, No. CIV.A. H-13-2090, 2014 WL 51290, at *1 (S.D. Tex. Jan. 7, 2014), the employee alleged that he worked more than forty (40) hours a week during one or more weeks and that the employer did not pay him his overtime pay for those hours. In his complaint, the employee alleged that "[during] one or more

5

weeks of Plaintiff's employment, Plaintiff worked in excess of forty hours" and that during "one or more weeks ... Defendant failed to pay Plaintiff" the overtime rate. *Id.* at *1, *4. The court found that the employee's allegations "provide[d] [no] factual context [to] form the basis for his claimed FLSA violation," and dismissed the claim. *Id.* at *4. In support of this finding, the court reasoned that "[f]or a claim arising under the Fair Labor Standards Act ("FLSA"), "[m]ore is required of a plaintiff than an all-purpose pleading template with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Id.* at *4.

Similarly, in *Whitlock v. That Toe Co.*, No. 3:14-CV-2298-L, 2015 WL 1914606, at *3 (N.D. Tex. Apr. 28, 2015), the employee alleged that the employer violated the FLSA because "[d]uring one or more weeks Plaintiff's employment with Defendants wherein [he] worked overtime hours, Defendants failed to pay [him] one and one-half times his regular rate of pay for each overtime hour worked." The court concluded that the employee's allegations were insufficient under the FLSA and dismissed the claim. *Id.* The court held that the employee's allegations that he worked in excess of forty (40) hours for one or more weeks during his two-month employment for his employer were merely "[t]hreadbare recitals of the elements of a cause of action . . . ." *Id.* at *3 (quoting *Iqbal*, 556 U.S. at 678). The court opined that the employee's complaint was "devoid of any reference to the hours he worked or the manner in which he worked overtime. Simply put, no facts support Plaintiff's allegations." *Id.* (citing *Flores v. Act Event Servs. Inc.*, No. 14-2412, 55 F. Supp. 3d 928, 2014 WL 5343322, at *8 (N.D. Tex. Oct. 21, 2014) ("[The Plaintiff's Complaint] specifically reference [plaintiff's] timesheets as evidencing her overtime hours and cite her work at the fair as an instance where the defendants failed to compensate her for travel time . . . .")).

Just as in *Coleman* and *Whitlock*, the Complaint contains only threadbare recitals of the elements of an FLSA cause of action and provides no factual context that forms the basis for an actionable violation.  The Complaint merely alleges that Plaintiff "consistently worked more than forty hours per workweek but was regularly pressured to work off the clock and/or record fewer hours than she actually worked by her supervisor. . ." (Compl. ¶ 19.)  There are no further allegations providing Plaintiff's hourly wage, hours worked, the relevant time, and the amount of compensation allegedly due.  Accordingly, the Complaint is bereft of facts showing a plausible FLSA claim.  *Coleman*, 2014 WL 51290, at *5. Therefore, the Court should dismiss Count 1 because it fails to state a claim upon which relief can be granted.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT OR AN ALTERNATIVE CLAIM IN EQUITY.[3]

A breach of contract claim under Texas law does not provide for the payment of wages; rather, it merely requires a defendant to honor its contract.  *Compare* Texas Payday Act, Tex. Labor Code §§ 61.001, .011, & .018 (requiring timely and complete payment of wages), *with Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).  The Texas Supreme Court made clear that, to be binding under Texas law, "a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook.  The material terms of the contract must be agreed upon before a court can enforce the contract." *TO Stanley Boot Co Inc v Bank of El Paso*, 847 SW2d 218, 221 (Tex 1992) (citations omitted).  Material terms deal "with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to

---

[3] Plaintiff fails to attach the alleged contract to her Complaint and fails to allege which choice of law governs the alleged contract.  Based on Plaintiff's allegations and chosen forum, HOTHH applies Texas law.  *See Ben E. Keith, Co. v. Dining All., Inc.*, No. 4:20-CV-133-A, 2021 WL 5909189, at *3 (N.D. Tex. Dec. 14, 2021) (noting that courts apply the rule of Restatement § 188 in the absence of an effective choice of law provision, which refers to the (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties).

be done." *Bill Wyly Development Inc v Smith*, 2017 WL 3483225, *4 (Tex App—Houston [1st Dist], *no pet.*) (citations omitted). The Complaint fails to include any such material terms of any supposed contract between Plaintiff and HOTHH. The Complaint only generally alleges that "[d]uring the course of her employment, [she] and [HOTHH] entered into a valid and enforceable contract regarding the payment of wages in exchange for [her] services" (Compl. ¶ 28).

Moreover, the Complaint fails to identify which provisions of such supposed contract HOTHH specifically breached, stating only that HOTHH "breached this contract by failing to pay [Plaintiff] all compensation she was owed under the above-referenced contract. . .". (*See* Compl. ¶ 29). A plaintiff must plead "specific provisions in the contract which were allegedly breached." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming district court's decision that plaintiffs failed to state a claim for breach of contract under Texas law). General or conclusory allegations that a contract existed are not sufficient. *See H.K. Aroma Star Int'l LLC v. Elta MD Inc.*, No. 3:18-CV-2228-G, 2019 WL 2357529, at *4 (N.D. Tex. June 4, 2019) (applying Texas law) (dismissing breach of contract claims because "[s]uch broad and general claims of breach of contract, without citing specific contractual provisions, are legally conclusory and are, without more, insufficient to reasonably put [Defendant] on notice of the claim brought against it."); *Fannie Mae v. U.S. Prop. Solutions, L.L.C.*, No. H-08-3588, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009) (dismissing breach of contract claim, in part, because plaintiffs failed to assert which provision of the contract was breached by defendant and instead "alleg[ed] generally that [defendant was] in breach of the loan documents"); *Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc.*, No. 3:21-CV-1783-G, 2023 WL 5945856, at *5 (N.D. Tex. Sep. 11, 2023) (applying Texas law) ("To plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that a defendant allegedly breached."); *see, e.g., Smith*

*v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *11-12 (W.D. Tex. Aug. 23, 2010) (dismissing breach of contract claim where plaintiffs did not specify what provision or for that matter what contract was allegedly breached); *Mae v. U.S. Property Solutions, L.L.C.*, No. H-08-3588, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009) (dismissing breach of contract claim where property owner failed to assert which provision of the loan was allegedly breached); *see also Long v. Dearborn Nat'l Life Ins. Co.*, No. 21-20246, 2022 WL 797417, at *3 (5th Cir. Mar. 15, 2022) (affirming dismissal of breach of contract claim because the complaint "merely lists conclusory statements that are devoid of factual allegations" and "fails to identify a specific provision of the contract that was allegedly breached") (unpublished); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached.") (unpublished). The Complaint's broad and general allegations, without citing specific contractual or agreed terms, are legally conclusory and are, without more, insufficient to reasonably put HOTHH on notice of the claim brought against it. Therefore, the Court must dismiss Plaintiff's breach of contract claim and related equitable claims as they fail to adequately allege that HOTHH breached any supposed contract. *See Thomas Mushroom*, 2023 WL 5945856, at *6-7.

To the extent the Complaint makes any specific allegation regarding the terms of any supposed contract, those allegations are limited to the claim that HOTHH failed to compensate Plaintiff for working during "unpaid lunch breaks." However, it is more than reasonable to infer from Plaintiff's allegations that any supposed agreement between HOTHH and Plaintiff provided Plaintiff with *unpaid* lunch breaks and that Plaintiff knowingly accepted these terms. Under these circumstances, Plaintiff may not now make a claim for time worked during such breaks.

In *Brashear v. SSM Health Care Corp.*, No. 4:22-CV-00569-SRC, 2022 WL 17987041, at *1 (E.D. Mo. Dec. 29, 2022),[4] for example, the employee alleged that her employer automatically deducted from each shift an unpaid meal break of either thirty (30) minutes or one (1) hour – even if she worked during those periods. The court found that it could not reasonably infer that the employer agreed to pay the employee for the particular work she alleged—i.e., work during employer-designated meal breaks—because no well-pleaded facts support such an inference, and dismissed the claim. *Id.* at *4. The court stated that "[t]o survive a motion to dismiss, [the employee's] allegations would have to allow the Court to reasonably infer that she and [the employer] mutually agreed that [the employer] would compensate her for any work that she performed during the otherwise unpaid meal-break periods that [the employer] deducts from each shift." *Id.* The court reasoned that the complaint failed to any facts showing "a manifestation of mutual assent on the part of" the employer and employee. *Id.* In sum, the court concluded that it could not "reasonably infer that [the employer] agreed to pay [the employee] for the 'particular' work she alleges – i.e., work during employer-designated meal breaks – because no well-pleaded facts support such an inference." *Id.*

Likewise, in *Gomez v. El-Milagro, Inc.*, No. 23 C 1606, 2023 WL 7418833, at *1 (N.D. Ill. Oct. 18, 2023),[5] the employee alleged that his employer agreed to compensate him for each hour worked, except that the employer would automatically deduct a thirty (30) minute lunch break from the total hours he worked each day. The employee then alleged that he ate lunch while traveling from one delivery to another to complete all of his work on time. *Id.* The court found

---

[4] In *Brashear*, the court applied Illinois law to determine whether the employee alleged sufficient facts to state a claim under the Illinois Wage Payment and Collection Act ("IWPCA"). Similar to a breach of contract claim, to assert a claim under the IWPCA, plaintiffs are "required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement." 2022 WL 17987041, at *3.

[5] Similar to *Brashear*, the court in *Gomez* applied Illinois law to determine whether the employee alleged sufficient facts to state a claim under the IWPCA.

that the allegations undermined any inference that the employer agreed to pay the employee for his working lunch breaks, and dismissed the claim. *Id.* at *2. The court reasoned that the employee did "not allege that the parties manifested an intention for employees to receive wages if they worked during their lunch breaks." *Id.* The court explained that "[i]nstead, [the employee] acknowledges that the parties agreed that employees would receive a thirty-minute lunch break each workday and that the employer would deduct those thirty minutes from the employees' paychecks even though it allegedly knew that employees worked during their lunch breaks." *Id.* Thus, the court opined that the complaint indicated "that the parties agreed that employees would not receive pay for thirty minutes of their workday, regardless of whether they worked through the lunch break or not." *Id.*

Here, the allegations contained in the Complaint are similar to those in *Brashear* and *Gomez*. Specifically, the Complaint fails to allege facts showing any agreed term that entitles Plaintiff to compensation for work performed during unpaid lunch breaks. Quite the opposite. The Complaint alleges that HOTHH "consistently removed" thirty (30) minutes each day for an unpaid lunch, and that Plaintiff took (albeit rarely) that lunch as unpaid time. (Complaint, ¶20). Accordingly, it can be reasonably inferred that Plaintiff knowingly agreed to unpaid lunch breaks. See *Brashear* 2022 WL 17987041, at *4. Thus, Plaintiff may not now make a claim (under law or equity) for the time she supposedly worked in contradiction to this agreed arrangement. *See id.* Accordingly, Plaintiff's claims associated with any unpaid lunch break should be dismissed.

## CONCLUSION

For the reasons set forth above, HOTHH respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

|  |  |
|---|---|
| **Dated: February 22, 2024** | Respectfully submitted,<br><br>*/s/ Andrew W. Gruber*<br>Andrew W. Gruber, *Admitted Pro Hac Vice*<br>Shaina Wolfe, *Admitted Pro Hac Vice*<br>Dentons Bingham Greenebaum LLP<br>2700 Market Tower<br>10 West Market Street<br>Indianapolis, Indiana 46204<br>Telephone: (317) 635-8900<br>Facsimile: (317) 236-9906<br>andrew.gruber@dentons.com<br>shaina.wolfe@dentons.com<br><br>Leanna M. Anderson<br>Texas Bar No. 24085833<br>Dentons US LLP<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201-1858<br>Telephone: (214) 259-0951<br>leanna.anderson@dentons.com<br><br>***Counsel for Heart of the House Hospitality, Inc.*** |

### CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I caused the foregoing document to be served on counsel of record via the Court's CM/ECF System.

*/s/ Andrew W. Gruber*
Andrew W. Gruber

***Counsel for Heart of the House Hospitality, Inc.***