UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIA MURILLO, | § § § | |
| PLAINTIFF | § § § § § § | |
| v. | § § | CA NO. 3:23-cv-2575-K |
| HEART OF THE HOUSE HOSPITALITY, INC. | § § § | JURY TRIAL DEMANDED |
| DEFENDANT | § § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Plaintiff Daria Murillo brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Plaintiff would respectfully show as follows:

### I. NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay Plaintiff time-and-one-half her

regular rate of pay for all off-the-clock hours she worked in excess of forty hours within a workweek. Defendant has also failed and refused to pay Plaintiff for off-the-clock hours at her agreed-upon regular hourly rate for those weeks in which Plaintiff worked less than forty hours.

3. For at least three years prior to filing this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to Plaintiff for hours worked in excess of forty hours per workweek.

4. Plaintiff hereby demands a jury trial in this matter.

## II. PARTIES

5. Plaintiff Daria Murillo ("Murillo") is an individual who resides in this judicial district. She was employed as a recruiter by Defendant within the meaning of the FLSA from approximately May 2022 through April 2023.

6. Defendant Heart of the House Hospitality, Inc. ("Heart of the House") is an Indiana corporation operating in various cities within Texas, including but not limited to Dallas, Fort Worth, Houston, and San Antonio.

7. Heart of the House was an employer of Murillo as defined by 29 U.S.C. §203(d).

8. Heart of the House has already been served in this case.

## III.   JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

10. The Court has personal jurisdiction over the Defendant because it conducts business in Texas and has entered into relationships with Murillo in Texas and has committed actions in Texas that give

rise to this cause of action.

11. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Dallas County, which is within this District and Division.

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Murillo.

13. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Heart of the House Hospitality, Inc. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Defendant employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

17. Defendant provides staffing for hotels in and around Texas, among other states.

18. Murillo was employed by Defendant as a non-exempt hourly recruiter who recruited employees to work at hotels in and around Texas.

19. Murillo would both work from home and would also travel to various cities in Texas, including Dallas, Houston and San Antonio to meet job applicants, help them fill out job applications, provide them with uniforms and introduce them to the manager of the particular hotel for which they would be working.

20. Murillo consistently worked more than forty hours per workweek but was regularly pressured to work off the clock and/or to record fewer hours than she actually worked by her supervisor, Andres Egas.  Murillo consistently complained to Mr. Egas as well as his supervisors about these practices, but her complaints were routinely ignored.

21. In addition to the fact that Plaintiff was consistently pressured to work off the clock and to record fewer hours than she actually worked each day, Defendant consistently removed 30 minutes daily from Plaintiff's time for a supposed lunch break, even though Murillo did not, or rarely took lunch breaks.

22. Plaintiff complained about Defendant's improper deductions for lunches that she had not taken, but her complaints once again fell upon deaf ears.  To be clear, Plaintiff seeks to recover for all lunch deductions that were improperly taken off of her time.  She did not consent to these deductions, she complained about these deductions, and time spent working through lunch was clearly "time worked" under the FLSA for which Plaintiff seeks compensation.

23. For further clarification, Plaintiff worked off the clock routinely under two different scenarios: when she was docked for a 30 minute lunch that she had not taken, and when she was pressured to

clock out and continue to work and/or when she was pressured by her supervisors to record less time than she actually worked.

24. Defendant was fully aware of the fact that Murillo was working off the clock and that she was not being paid time and one-half for all hours worked above forty hours per week, based on Plaintiff's complaints.

25. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of forcing its recruiters to work off the clock in order to avoid compliance with the FLSA.

26. Even though a Plaintiff under the FLSA is not required to allege anything other than that he or she consistently worked more than 40 hours per workweek,[1] to prevent endless motion practice and further unnecessary delays, Plaintiff will clarify that she worked, on average, approximately 55 hours per week.

## VI. CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

---

[1] To the extent Defendant seeks to require Plaintiff to plead specific hours, damages, or instances of unpaid overtime, Texas law does not support such a requirement. *See, e.g., Solis v. Time Warner Cable San Antonio, L.P.,* No. 10–CA–0231–XR, 2010 WL 2756800, at *2 (W.D.Tex. July 13, 2010) ("Moreover, it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records"). *See also Murphy v. Multi-Shot, LLC*, No. 4:14-CV-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) ("Defendant suggests that Plaintiff's complaint fails because he does not allege the total amount of unpaid wages that he deserves. An FLSA plaintiff is not, however, required to plead the precise amount of unpaid wages to which he is allegedly entitled"); *Howard v. John Moore, LP*, No. CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) ("While an approximation of uncompensated overtime hours would be helpful to survive a motion to dismiss, it is not required…Plaintiff has provided sufficient factual allegations by describing being paid "below the minimum wage (or [paid] nothing at all) and/or [paid] on a commission basis without overtime").

28. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

29. Defendant has acted willfully in failing to pay Murillo in accordance with applicable law.

### B. BREACH OF CONTRACT AND QUASI-CONTRACT

30. Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

31. Under Texas common law for breach of contract, Murillo is entitled to recover damages for Defendant's failure to pay her for all off-the-clock hours during weeks in which Murillo worked less than forty hours.  In other words, if Murillo truly worked less than 40 hours in a workweek but her time records do not reflect all hours that she worked under 40 hours per week, Murillo is entitled to be paid her agreed-upon hourly rate for the missing hours.

32. Murillo is also entitled to recover damages for Defendant's failure to pay her for all off-the-clock hours during weeks in which Murillo worked more than forty hours under Texas common law for breach of contract, but her time sheets reflect that she worked less than forty hours for such weeks.

33. In other words, if Murillo worked a total of 55 hours in a workweek but her time records wrongfully reflect that she only worked 37.5 hours, Murillo is seeking payment for the 2.5 hours that Defendants would have failed to properly pay her at her contractually agreed-upon hourly rate of $16.00 an hour. Thereafter, for the overtime hours in this example, she would seek payment for

fifteen off-the-clock overtime hours at time and one-half her regular hourly rate of $16.00, or $24.00 an hour.

34. During the course of her employment, Murillo and Defendant entered into several valid and enforceable contracts regarding the payment of wages in exchange for Murillo's services. A copy of the first written agreement, dated May 31, 2022, signed at the inception of Plaintiff's employment and specifying Plaintiff's regular hourly rate of $16 per hour, is set forth below:

**SERVANTEX**
faRe|labor  HeartoftheHouse

May 31, 2022

Daria Serrano

Dear Daria,

It is my pleasure, on behalf of Heart of the House Hospitality, to offer you the following compensation package for the position of Seasonal Recruiter – Dallas, TX reporting to Andres Egas, Market Manager.

- An hourly rate of $16.00 (40 hours/week, with no authorized overtime)
- Weekly gas incentive of $100
- After three months of employment, benefits coverage under the Company's employee benefits programs including medical, dental, and vision insurance,
- Paid Time Off (PTO)
- Company-provided equipment
- Effective June 6, 2022 until September 30, 2022

On your first day you will be required to fill out a new employee package, which will include an employment application, I-9 verification, IRS documents, and other typical employment paperwork.

**Equipment:** Heart of the House Hospitality will provide the necessary equipment for you to perform your job duties. Equipment may include a cell phone, computer, and printer/scanner.

Your employment with Heart of the House Hospitality is at-will and either party can terminate the relationship at any time with or without cause and with or without notice. Employees who use their own vehicles for work will not be reimbursed for mileage.

You acknowledge that this offer letter, (along with the final form of any referenced documents), represents the entire agreement between you and Heart of the House Hospitality and that no verbal or written agreements, promises, or representations that are not specifically stated in this offer, are or will be binding upon Heart of the House Hospitality.

To accept the offer, please sign, date, and return this letter and the attached Confidentiality and Noncompetition Agreement to me at TinaRetana@Servantex.com

| Daria Serrano | *[DocuSigned signature]* | 5/31/2022 | 10:32 PM EDT |
| --- | --- | --- | --- |
| (Printed Name) | (Signature) | (Date) | |

Sincerely,

*Tina Retana*

Tina Retana
Sr. Director of Human Resources, Servantex

**Plaintiff's First Amended Complaint**                                                                 **Page 7**

A copy of the second signed written contract dated December 15, 2022, specifying that Plaintiff would continue to be paid $16 an hour, is set forth below:

**SERVANTEX**
faiRe|labor   Heart of the House

December 15, 2022

Daria Serrano

Dear Daria,

It is my pleasure, on behalf of Heart of the House Hospitality, to offer you the following compensation package for the position of Recruiter – Dallas, TX reporting to Andres Egas, Market Manager.

- An hourly rate of $16.00 (30 hours/week maximum, with no authorized overtime) for January & February 2023
- With 5% of Salary Target Bonus
- Weekly gas incentive of $100
- Benefits coverage under the Company's employee benefits programs including medical, dental, and vision insurance will continue
- Paid Time Off (PTO) will continue
- Company-provided equipment provided
- Starting Monday, March 6, 2022 (40 hours/week maximum, with no authorized overtime)

Your employment with Heart of the House Hospitality is at-will and either party can terminate the relationship at any time with or without cause and with or without notice. Employees who use their own vehicles for work will not be reimbursed for mileage.

You acknowledge that this offer letter, (along with the final form of any referenced documents), represents the entire agreement between you and Heart of the House Hospitality and that no verbal or written agreements, promises, or representations that are not specifically stated in this offer, are or will be binding upon Heart of the House Hospitality.

To accept the offer, please sign, date, and return this letter and the attached Confidentiality and Noncompetition Agreement to me at TinaRetana@Servantex.com

DocuSigned by:

| Daria Serrano | [signature] | 12/15/2022 | 6:28 PM EST |
|---|---|---|---|
| (Printed Name) | (Signature) | (Date) | |

518BDB079C0A46D...

Sincerely,

*Tina Retana*

Tina Retana
Sr. Director of Human Resources, Servantex

Pursuant to both of these signed, written and dated contracts, Defendant was contractually obligated to pay Murillo the full amount of her agreed-upon hourly compensation of $16.00 per

hour for each hour she worked. Murillo fully performed all of her contractual obligations, but due to the fact that 1) Defendant wrongfully docked lunches which Plaintiff worked through, and 2) Defendant wrongfully pressured Plaintiff to work off the clock at other parts of the day, and pressured Plaintiff to record fewer hours than she actually worked, Defendants breached these contracts. In other words, Plaintiff performed work for Defendant, but instead of being paid $16.00 an hour for such work, Plaintiff was paid nothing. Therefore, Plaintiff is owed $16.00 an hour for all off-the-clock work between hours 1 through 40. As a result of these breaches, Plaintiff suffered damages. The damages Plaintiff suffered are what Plaintiff would have been paid for all hours she actually worked, but for which she was not paid.

35. *In the alternative,* Defendant owes Murillo all unpaid compensation at Murillo's full regular rate of $16.00 an hour under *quantum meruit* for services Murillo provided directly to Defendant when Defendant forced Murillo to work off-the-clock hours in weeks in which her timesheets reflected that she worked less than 40 hours, but where Plaintiff actually worked more than the hours reflected in her timesheets. Defendant accepted these services under such circumstances that Defendant was reasonably notified that Murillo expected to be paid at her regular hourly rate by Defendant for such hours.

36. By virtue of filing her Original Complaint, Murillo made presentment to Defendant as per Texas Civil Practice and Remedies Code, § 38.002.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daria Murillo prays for judgment against Defendant as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c.      For an Order awarding Plaintiff attorneys' fees;

d.      For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law;

f.      For an Order awarding Plaintiff all of her regular hourly wages for all hours worked between 1 and 40 hours per week under any breach of contract or *quantum meruit*.

g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
          Douglas B. Welmaker
          Texas State Bar No. 00788641
          doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**