UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARIA MURILLO, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| | )   Cause No. 3:23-cv-2575 |
| v. | ) |
| | ) |
| HEART OF THE HOUSE | ) |
| HOSPITALITY, INC., | ) |
| | ) |
| DEFENDANT. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Heart of the House Hospitality, Inc. ("Defendant"), by and through its undersigned attorneys, hereby submits its Answer to Plaintiff Daria Murillo's First Amended Complaint (the "Amended Complaint"):

**AMENDED COMPLAINT ¶ 1:**

The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Say. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

**ANSWER:**

The allegations contained Paragraph 1 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

1

**AMENDED COMPLAINT ¶ 2:**

Defendant has violated the FLSA by failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay Plaintiff time-and-one-half her regular rate of pay for all off-the-clock hours she worked in excess of forty hours within a workweek. Defendant has also failed and refused to pay Plaintiff for off-the-clock hours at her agreed-upon regular hourly rate for those weeks in which Plaintiff worked less than forty hours.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 3:**

For at least three years prior to filing this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to Plaintiff for hours worked in excess of forty hours per workweek.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 4:**

Plaintiff hereby demands a jury trial in this matter.

**ANSWER:**

Defendant admits that Plaintiff's demands a jury trial in this matter. Defendant denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 5:**

Plaintiff Dana Murillo ("Murillo") is an individual who resides in this judicial district. She was employed as a recruiter by Defendant within the meaning of the FLSA from approximately May 2022 through April 2023.

**ANSWER:**

Defendant admits that it employed Plaintiff. To the extent Paragraph 5 asserts that Plaintiff is an "employee" within the meaning of the Fair Labor Standards Act, such statement is a legal

conclusion to which no answer is required. Defendant denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 6:**

Defendant Heart of the House Hospitality, Inc. ("Heart of the House") is an Indiana corporation operating in various cities within Texas, including but not limited to Dallas, Fort Worth, Houston, and San Antonio.

**ANSWER:**

Defendant admits that it is an Indiana corporation and that it operates in Texas. Defendant denies the remaining allegations contained in Paragraph 6 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 7:**

Heart of the House was an employer of Murillo as defined by 29 U.S.C. §203(d).

**ANSWER:**

Defendant admits that it employed Plaintiff. To the extent Paragraph 7 asserts that Defendant is an "employer" within the meaning of the Fair Labor Standards Act, such statement is a legal conclusion to which no answer is required. Defendant denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 8:**

Heart of the House has already been served in this case.

**ANSWER:**

Defendant admits that Plaintiff served the summons and Complaint. Defendant denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 9:**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

**ANSWER:**

Defendant admits that the Court has jurisdiction in this case. Defendant denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 10:**

The Court has personal jurisdiction over the Defendant because it conducts business in Texas and has entered into relationships with Murillo in Texas and has committed actions in Texas that give rise to this cause of action.

**ANSWER:**

Defendant admits that the Court has jurisdiction in this case. Defendant denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 11:**

Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Dallas County, which is within this District and Division.

**ANSWER:**

Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 12:**

At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Murillo.

**ANSWER:**

The allegations contained in Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 13:**

At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendant admits that it employed Plaintiff. To the extent Paragraph 13 asserts that Defendant is an "employer" within the meaning of the Fair Labor Standards Act, such statement is a legal conclusion to which no answer is required Defendant denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 14:**

At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

The allegations in Paragraph 14 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 15:**

At all times hereinafter mentioned, Defendant Heart of the House Hospitality, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Heart of the House Hospitality, Inc. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:**

The allegations in Paragraph 15 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 16:**

At all times hereinafter mentioned, Defendant employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

**ANSWER:**

The allegations in Paragraph 16 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 16 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 17:**

Defendant provides staffing for hotels in and around Texas, among other states.

**ANSWER:**

Defendant admits that it provides staffing for hotels in Texas. Defendant denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 18:**

Murillo was employed by Defendant as a non-exempt hourly recruiter who recruited employees to work at hotels in and around Texas.

**ANSWER:**

Defendant admits that it employed Plaintiff as a non-exempt hourly recruiter, among other things. Defendant denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 19:**

Murillo would both work from home and would also travel to various cities in Texas, including Dallas, Houston and San Antonio to meet job applicants, help them fill out job applications, provide them with uniforms and introduce them to the manager of the particular hotel for which they would be working.

**ANSWER:**

Defendant admits that it employed Plaintiff and that Plaintiff performed duties on its behalf. Defendant denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 20:**

Murillo consistently worked more than forty hours per workweek but was regularly pressured to work off the clock and/or to record fewer hours than she actually worked by her supervisor, Andres Egas. Murillo consistently complained to Mr. Egas as well as his supervisors about these practices, but her complaints were routinely ignored.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 21:**

In addition to the fact that Plaintiff was consistently pressured to work off the clock and to record fewer hours than she actually worked each day, Defendant consistently removed 30 minutes daily from Plaintiff's time for a supposed lunch break, even though Murillo did not, or rarely took lunch breaks.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 22:**

Plaintiff complained about Defendant's improper deductions for lunches that she had not taken, but her complaints once again fell upon deaf ears. To be clear, Plaintiff seeks to recover for all lunch deductions that were improperly taken off of her time. She did not consent to these deductions, she complained about these deductions, and time spent working through lunch was clearly "time worked" under the FLSA for which Plaintiff seeks compensation.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 23:**

For further clarification, Plaintiff worked off the clock routinely under two different scenarios: when she was docked for a 30 minute lunch that she had not taken, and when she was pressured to clock out and continue to work and/or when she was pressured by her supervisors to record less time than she actually worked.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 24:**

Defendant was fully aware of the fact that Murillo was working off the clock and that she was not being paid time and one-half for all hours worked above forty hours per week.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 25:**

Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of forcing its recruiters to work off the clock in order to avoid compliance with the FLSA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 26:**

Even though a Plaintiff under the FLSA is not required to allege anything other than that he or she consistently worked more than 40 hours per workweek,[1] to prevent endless motion practice and further unnecessary delays, Plaintiff will clarify that she worked, on average, approximately 55 hours per week.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

---

[1] To the extent Defendant seeks to require Plaintiff to plead specific hours, damages, or instances of unpaid overtime, Texas law does not support such a requirement. *See, e.g., Solis v. Time Warner Cable San Antonio, L.P.,* No. 10—CA-0231—XR, 2010 WL 2756800, at *2 (W.D.Tex. July 13, 2010) ("Moreover, it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records"). *See also Murphy v. Multi-Shot, LLC,* No. 4:14-CV-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) ("Defendant suggests that Plaintiffs complaint fails because he does not allege the total amount of unpaid wages that he deserves. An FLSA plaintiff is not, however, required to plead the precise amount of unpaid wages to which he is allegedly entitled"); *Howard v. John Moore, LP,* No. CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) ("While an approximation of uncompensated overtime hours would be helpful to survive a motion to dismiss, it is not required...Plaintiff has provided sufficient factual allegations by describing being paid "below the minimum wage (or [paid] nothing at all) and/or [paid] on a commission basis without overtime").

**AMENDED COMPLAINT ¶ 27:**

Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Defendant incorporates its Answers to Paragraphs 1 through 26 as if fully stated herein.

Defendant denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 28:**

During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 29:**

Defendant has acted willfully in failing to pay Murillo in accordance with applicable law.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 30:**

Murillo incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Defendant incorporates its Answers to Paragraphs 1 through 29 as if fully stated herein.

Defendant denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 31:**

Under Texas common law for breach of contract, Murillo is entitled to recover damages for Defendant's failure to pay her for all off-the-clock hours during weeks in which Murillo worked less than forty hours. In other words, if Murillo truly worked less than 40 hours in a workweek but her time records do not reflect all hours that she worked under 40 hours per week, Murillo is entitled to be paid her agreed-upon hourly rate for the missing hours.

**ANSWER:**

The allegations in Paragraph 31 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 31 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 32:**

Murillo is entitled to recover damages for Defendant's failure to pay her for all off-the-clock hours during weeks in which Murillo worked less than forty hours under Texas common law for breach of contract, but her time sheets reflect that she worked less than forty hours for such weeks.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 33:**

In other words, if Murillo worked a total of 55 hours in a workweek but her time records wrongfully reflect that she only worked 37.5 hours, Murillo is seeking payment for the 2.5 hours that Defendants would have failed to properly pay her at her contractually agreed-upon hourly rate of $16.00 an hour. Thereafter, for the overtime hours in this example, she would seek payment for fifteen off-the-clock overtime hours at time and one-half her regular hourly rate of $16.00, or $24.00 an hour.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 34:**

During the course of her employment, Murillo and Defendant entered into several valid and enforceable contracts regarding the payment of wages in exchange for Murillo's services. A copy of the first written agreement, dated May 31, 2022, signed at the inception of Plaintiff's employment and specifying Plaintiff's regular hourly rate of $16 per hour, is set forth below:

10



A copy of the second signed written contract dated December 15, 2022, specifying that Plaintiff would continue to be paid $16 an hour, is set forth below:



Pursuant to both of these signed, written and dated contracts, Defendant was contractually obligated to pay Murillo the full amount of her agreed-upon hourly compensation of $16.00 per hour for each hour she worked. Murillo fully performed all of her contractual obligations, but due to the fact that

11

1) Defendant wrongfully docked lunches which Plaintiff worked through, and 2) Defendant wrongfully pressured Plaintiff to work off the clock at other parts of the day, and pressured Plaintiff to record fewer hours than she actually worked, Defendants breached these contracts. In other words, Plaintiff performed work for Defendant, but instead of being paid $16.00 an hour for such work, Plaintiff was paid nothing. Therefore, Plaintiff is owed $16.00 an hour for all off-the-clock work between hours 1 through 40. As a result of these breaches, Plaintiff suffered damages. The damages Plaintiff suffered are what Plaintiff would have been paid for all hours she actually worked, but for which she was not paid.

**ANSWER:**

Defendant admits that it issued several offer letters to Plaintiff that contained Plaintiff's wages, work hours, requirements, and positions. Defendant denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 35:**

*In the alternative,* Defendant owes Murillo all unpaid compensation at Murillo's full regular rate of $16.00 an hour under *quantum meruit* for services Murillo provided directly to Defendant when Defendant forced Murillo to work off-the-clock hours in weeks in which her timesheets reflected that she worked less than 40 hours, but where Plaintiff actually worked more than the hours reflected in her timesheets. Defendant accepted these services under such circumstances that Defendant was reasonably notified that Murillo expected to be paid at her regular hourly rate by Defendant for such hours.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 36:**

By virtue of filing her Original Complaint, Murillo made presentment to Defendant as per Texas Civil Practice and Remedies Code, § 38.002.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

Defendant denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief, whether stated in Plaintiff's Prayer for Relief or otherwise. Defendant denies each and every allegation in the Complaint that has not been separately and specifically admitted herein.

12

Defendant demands a jury trial as to all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the admissions, denials, and other answers set forth above, Defendant asserts the following affirmative and other defenses. In pleading these defenses, Defendant does not assume any burdens of production or proof that it would not otherwise have. Further, Defendant specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which the relief sought may be granted.

## SECOND DEFENSE

Further, and in the alternative if necessary, Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff.

## THIRD DEFENSE

Further, and in the alternative if necessary, Plaintiff' claims for unpaid wages are barred because Defendant did not have actual or constructive knowledge of any purported unpaid overtime work allegedly performed by Plaintiff.

## FOURTH DEFENSE

Further, and in the alternative if necessary, Plaintiff' claims barred, in whole or in part, by the doctrines of unclean hands and/or equitable estoppel, to the extent they violated Defendant's policies and/or under-reported or failed to report accurately their time worked.

13

**FIFTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that Plaintiff received full payment for all work performed for Defendant.

**SIXTH DEFENSE**

Further, and in the alternative if necessary, to the extent that Plaintiff was paid compensation beyond that to which she was entitled or which is otherwise creditable toward overtime compensation under the FLSA, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

**SEVENTH DEFENSE**

Further, and in the alternative if necessary, even if Plaintiff was not paid for all activities she performed while employed by Defendant, which Defendant denies, to the extent that such activities do not constitute compensable work under applicable law, or were not an integral and indispensable part of their principal activities of employment, they are not compensable and Plaintiff is not entitled to relief.

**EIGHT DEFENSE**

Further, and in the alternative if necessary, Plaintiff is not entitled to liquidated damages, penalties, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with compensation provisions of federal law.

**NINTH DEFENSE**

Further, and in the alternative if necessary, Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine. If Defendant failed to properly pay Plaintiff for work time, which Defendant denies, the uncompensated time is de minimis and therefore not recoverable.

**TENTH DEFENSE**

Further, and in the alternative if necessary, even if Plaintiff or any potential members of the class or collective action that Plaintiff purports to represent were to prevail, their damage claims, including their claims for liquidated damages, penalties, and pre-judgment and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

**ELEVENTH DEFENSE**

Further, and in the alternative if necessary, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent, investigate, and promptly correct any violations of law or policy, and Plaintiff unreasonably failed to avail herself of these preventive and corrective opportunities or otherwise to avoid harm.

**TWELFTH DEFENSE**

Further, and in the alternative if necessary, the Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff's own acts or omissions, including Plaintiff's own failure to follow instructions, policies, or procedures of her employer, caused or contributed to her claims.

**THIRTEENTH DEFENSE**

Further, and in the alternative if necessary, Plaintiff's claims are barred because Plaintiff consented to, acquiesced in, and/or ratified through express or implied agreement the conduct of which she now complains.

**FOURTEENTH DEFENSE**

Further, and in the alternative if necessary, the claims of Plaintiff are barred by the doctrines of laches, or barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

**FIFTEENTH DEFENSE**

Further, and in the alternative if necessary, the Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff.

**SIXTEENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on one or more written administrative regulations, orders, rulings, interpretations, and/or administrative practices or policies pursuant to the FLSA and/or related regulations.

**SEVENTEENTH DEFENSE**

Further, and in the alternative if necessary, Plaintiff may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and that Defendant be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

Dated: March 27, 2024

Respectfully submitted,

*/s/ Leanna M. Anderson*
Leanna M. Anderson
Texas Bar No. 24085833
Dentons US LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201-1858
Telephone: (214) 259-0951
leanna.anderson@dentons.com

        Andrew W. Gruber, *Admitted Pro Hac Vice*
        Shaina Wolfe, *Admitted Pro Hac Vice*
        Dentons Bingham Greenebaum LLP
        2700 Market Tower
        10 West Market Street
        Indianapolis, Indiana 46204
        Telephone: (317) 635-8900
        Facsimile: (317) 236-9906
        andrew.gruber@dentons.com
        shaina.wolfe@dentons.com

        ***Counsel for Heart of the House Hospitality, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2024, I caused the foregoing document to be served on counsel of record via the Court's CM/ECF System.

        */s/ Leanna M. Anderson*
        Leanna M. Anderson